## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :

        v.              :     **CRIMINAL NO. 07-550-04**

STEVEN NORTHINGTON        :

## <u>NOTICE OF INTENT TO SEEK THE DEATH PENALTY</u>

The United States of America, by its attorneys, Zane David Memeger, United States

Attorney for the Eastern District of Pennsylvania, and David E. Troyer and John M. Gallagher,

Assistant United States Attorneys for the District, pursuant to Title 18, United States Code,

Section 3593(a), hereby notifies the Court and defendant Steven Northington that, in the above-

captioned case, the government believes that the circumstances of the offenses charged in Counts

1, 7, and 8 of the Superseding Indictment are such that, in the event that the defendant is

convicted of committing any one, combination of, or all of these offenses, a sentence of death is

justified under Chapter 28 (Sections 3591 through 3598) of Title 18 of the United States Code,

and that the government will seek a sentence of death on each and all of these offenses.  These

offenses being:  (1) murder in aid of racketeering activity, and aiding and abetting, which

prohibited conduct resulted in the death of Tybius Flowers (Count 7), in violation of Title 18,

United States Code, Sections 1959(a)(1) and 2; and (2) tampering with a witness, which

prohibited conduct resulted in the death of Tybius Flowers, in violation of Title 18, United States

Code, Sections 1111(a) and 1512(a)(1)(A) (Count 8).

The government proposes to prove the following statutory factors pursuant to Title 18, United States Code, Sections 3591(a)(2) and 3592(c), as charged in the Superseding Indictment's Notice of Special Findings, hereby incorporated by reference, and non-statutory factors pursuant to Title 18, United States Code, Section 3593(a)(2), as justifying a sentence of death.

**A.   Applicable Statutory Proportionality Factor Under Title 18, United States Code, Section 3591(a)(2).**

1.   With regard to Counts 7 and 8, the United States proposes to prove that:

a.   The defendant, being at the time over 18 years of age, intentionally killed the victim (18 U.S.C. § 3591(a)(2)(A));

b.   The defendant, being at the time over 18 years of age, intentionally inflicted serious bodily injury that resulted in the death of the victim (18 U.S.C. § 3591(a)(2)(B));

c.   The defendant, being at the time over 18 years of age, intentionally participated in acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offenses, and the victims died as a direct result of the acts (18 U.S.C. § 3591(a)(2)(C)); and

d.   The defendant, being at the time over 18 years of age, intentionally and specifically engaged in one or more acts of violence knowing that the acts created a grave risk of death to a person, other than one of the participants to the offenses, such that participation in the acts constituted a reckless disregard for human life and the victim died as a direct result of the acts (18 U.S.C. § 3591(a)(2)(D)).

**B.     Statutory Aggravating Factors Enumerated Under Title 18,
United States Code, Section 3592(c).**

    1.     With regard to Counts 7 and 8, the United States proposes to prove:

        a.     **Previous Conviction of Offense for which a Sentence of Death or Life Imprisonment was Authorized.**  The defendant has previously been convicted of another Federal or State offense resulting in the death of a person, for which a sentence of life imprisonment or a sentence of death was authorized by statute (18 U.S.C. § 3592(c)(3));

        b.     **Grave Risk of Death to Additional Persons.**  The defendant, in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (18 U.S.C. § 3592(c)(5));

        c.     **Substantial Planning and Premeditation.**  The defendant committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)); and

        d.     **Conviction For Serious Federal Drug Offenses.**  The defendant had been previously convicted of violating Title II or III of the Comprehensive Drug Abuse Prevention and Control Act of 1970 for which a sentence of five or more years may be imposed (18 U.S.C. § 3592(c)(12)).

**C.     Non-Statutory Aggravating Factors Under Title 18,
United States Code, Section 3593(a)(2).**

    1.     With regard to Counts 7 and 8, the United States proposes to prove:

        a.     **Victim Impact Evidence.**  The defendant's participation in the murder of each victim has caused injury, harm, and loss to the victim, and to the victim's family because of the victim's personal characteristics and his/her potential as an individual human

3

being and the consequent impact of the victim's death upon his/her family.  The murder of each victim has caused that victim's family extreme emotional suffering and irreparable harm.

> b.    **Future Dangerousness of the Defendant.**  The defendant is likely to commit, or procure the commission of, retaliatory and other criminal acts of violence in the future, which acts would be a continuing and serious threat to the lives and safety of others.  In addition, he has demonstrated low rehabilitative potential and/or has demonstrated a lack of remorse.

> 2.    With regard to Count 8, the United States proposes to prove:

> a.    **Obstruction of Justice.**  The defendant participated in the murder of the victim, Tybius Flowers, to prevent him from continuing to cooperate with law enforcement authorities' criminal investigation of Kaboni Savage, and to prevent him from testifying at an official proceeding, that is, the trial of Kaboni Savage in the Philadelphia Court of Common Pleas, for the murder of Kenneth Lassiter.  The defendant also implicitly and/or explicitly

4

threatened harm to others whom he believed contemplated cooperating with law enforcement against him and Kaboni Savage.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

DAVID E. TROYER
Assistant United States Attorney

JOHN M. GALLAGHER
Assistant United States Attorney

5