IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 07-550-05 |
| STEVEN NORTHINGTON | : | |

**SURRICK, J.**                                                                                                    **NOVEMBER  30 , 2012**

**MEMORANDUM**

Presently before the Court is Defendant Steven Northington's Motion *in Limine* to Bar Admission of Defendant's Prior Convictions During the Guilt Phase of Trial. (ECF No. 428.) For the following reasons, Defendant's Motion will be denied.

**I. BACKGROUND**[1]

On May 9, 2012, a federal grand jury returned a seventeen-count Fourth Superseding Indictment (the "Indictment") charging Defendant Steven Northington with: conspiracy to participate in the affairs of a racketeering ("RICO") enterprise, in violation of 18 U.S.C. § 1962(d) (Count 1); two counts of murder in aid of racketeering, in violation of 18 Pa. Cons. Stat. § 2502(a), 306 and in violation of 18 U.S.C. § 1959(a)(1), (2) (Counts 5, 7); and tampering with a witness, in violation of 18 U.S.C. § 1512(a)(1)(A) (Count 8). (Fourth Superseding Indictment,

---

[1] The factual background of this case is more fully set forth in our June 1, 2012 Memorandum and Order denying Defendant Kaboni Savage's Motion to Dismiss the Indictment on Double Jeopardy Grounds and Motion to Dismiss Count Nine of the Third Superseding Indictment on Double Jeopardy Grounds. (*See* ECF Nos. 507, 508.)

ECF No. 480.)[2]  Defendant was charged along with three co-defendants, Kaboni Savage, Robert Merritt, and Savage's sister, Kidada Savage.  Lamont Lewis was also charged in the First Superseding Indictment.  The charges against Lewis were disposed of by guilty plea on April 21, 2011.

The charges against Defendant arise out of a long-standing RICO drug conspiracy that was supported by murder and witness intimidation.  The Government alleges that all four Defendants were members of a regional criminal organization, which was based in North Philadelphia and was known as the Kaboni Savage Organization ("KSO").  (Indictment, 5.) From late 1997 through April 2010, the members of this racketeering enterprise conspired and agreed to distribute large quantities of controlled substances, to commit murder and arson, and to tamper with, and retaliate against, witnesses who had testified, or were about to testify, against the racketeering enterprise or its members.  (*Id.* at 6-8.)  The KSO packaged, prepared and distributed cocaine, crack and phencyclidine ("PCP") throughout the greater Philadelphia area, and collected drug proceeds in exchange.  The KSO operated drug distribution centers, also known as "drug corners," throughout North Philadelphia and maintained control of these drug corners through a pattern of threats, intimidation, violence and murder.  (*Id.* at 5.)  The KSO was also committed to maintaining, preserving, protecting and expanding its power, territory, and profits.  (*Id.* at 6.)  It did this by tampering with and retaliating against Government witnesses and their families through the use of threats, intimidation, violence, and murder.  (*Id.*)

The Indictment alleges that, in support of the KSO, Defendant murdered Barry Parker on

---

[2] The First Superseding Indictment was filed on April 8, 2009.  (ECF No. 51.)  The Second Superseding Indictment was filed on June 22, 2011.  (ECF No. 229.)  The Third Superseding Indictment was filed on September 7, 2011.  (ECF No. 284.)

2

February 26, 2003. (*Id.* at 42.) On April 27, 2007, Defendant was found guilty of the murder in the Court of Common Pleas of Philadelphia County, and sentenced to life in prison. On March 1, 2004, Defendant is alleged to have murdered Tybius Flowers in order to prevent Flowers's attendance and testimony at Kaboni Savage's trial for the murder of Kenneth Lassiter in the Philadelphia Court of Common Pleas. (*Id.* at 44-45.) After these murders but prior to the instant Indictment, Defendant was found guilty of conspiracy to manufacture and distribute cocaine and firearms possession in a related 2005 drug conspiracy case before the Honorable Mary A. McLaughlin of this Court. Defendant was sentenced to a term of imprisonment of two hundred thirty-five months. On March 14, 2011, the Government filed a Notice of Intent to Seek the Death Penalty against Kaboni Savage, Robert Merritt, and Defendant. (ECF Nos. 196, 197, 198.)

On March 14, 2012, Northington filed the instant Motion. (Def.'s Mot., ECF No. 428.) The Government filed its Response on June 10, 2012. (Gov't's Resp., ECF No. 515.)[3] Trial of Defendants is scheduled for January of 2012.

## II. DISCUSSION

### A. The Parties' Contentions

Defendant requests that the Government be prohibited from offering evidence of Defendant's prior convictions during the guilt phase of the trial. (Def.'s Mot. 3.) Defendant contends that the danger of unfair prejudice of introducing such evidence outweighs the probative value of the prior convictions. (*Id.*) In addition, Defendant requests that when

---

[3] Both Defendant's Motion and the Government's Response were filed after this Court's respective deadlines for pre-trial motions and responses. In light of the various issues that have emerged throughout the course of pretrial proceedings and the gravity of the case in general, we will overlook both parties' error in this regard.

3

referring to testimony from the prior trials, the Government use the term "hearing" or other similar wording rather than "trials" or "convictions." (*Id.*)  In response, the Government argues that the evidence of Defendant's prior convictions demonstrates Defendant's "agreement to, and participation within, the charged RICO conspiracy."  (Gov't's Resp. 3.)  Moreover, the Government argues that even if these convictions are prejudicial, they are highly probative in establishing Defendant's involvement in the RICO conspiracy.  (*Id.* at 4-6.)

**B.     Legal Analysis**

*1.     Prior Convictions as Predicate Offenses*

An individual violates RICO if he or she is engaged in "racketeering activity." 18 U.S.C. § 1962(a).  "Racketeering activity" includes an extensive list of predicate criminal behavior. 18 U.S.C. § 1961(1).  Two acts of "racketeering activity" along with a showing of continuity and the threat of continued criminal activity constitute a "pattern."  *See United States v. Palfrey*, 499 F. Supp. 2d 34, 46 (D.D.C. 2007) (citing *H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989)).  Here, the Government intends to introduce evidence of Defendant's prior convictions for murder and conspiracy to manufacture and distribute cocaine to supports its RICO claims against Defendant.  Prior convictions are routinely admitted into evidence at subsequent RICO trials. *See United States v. Pelullo*, 14 F.3d 881, 888 (3d Cir. 1994) ("As an ordinary piece of evidence, a judgment is subject to evaluation by the fact finder, who can accept or reject such evidence as it deems appropriate.").  Specifically, the Government may introduce evidence of prior convictions to establish the commission of predicate acts in a RICO prosecution.  *See United States v. Tocco*, 200 F.3d 401, 417-18 (6th Cir. 2000) (finding district court's admission of evidence of co-defendants' prior convictions permissible to establish RICO predicates because the evidence was

not used as collateral estoppel); *United States v. Gonzalez*, 921 F.2d 1530, 1535-39 (11th Cir. 1991) (analyzing *Garrett v. United States*, 471 U.S. 773 (1985) and finding no violation of double jeopardy clause where prior convictions form the basis of RICO predicate acts in subsequent prosecution); *accord United States v. Scarpa*, 913 F.2d 993, 1013-14 (2d Cir. 1990) (citing *United States v. Persico*, 774 F.2d 30, 32 (2d Cir. 1985)); *United States v. Grayson*, 795 F.3d 278, 283 (3d Cir. 1986) (finding no violation of the Sixth Amendment double jeopardy clause where the Government admitted evidence of defendant's two prior convictions as predicate acts for the RICO substantive charge). In sum, it is permissible for the Government to introduce evidence of Defendant's prior convictions to establish the predicate acts in the current RICO conspiracy subject to the evidence being otherwise admissible pursuant to the Federal Rules of Evidence.

        2.     *Rule 403 Analysis*

Under Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. While implicitly acknowledging the relevance of his prior convictions, Defendant maintains that the probative value of such evidence is substantially outweighed by its prejudicial impact. (Def.'s Mot. 3.) We disagree.

District courts have broad discretion in determining whether evidence should be excluded under Rule 403. *Pelullo*, 14 F.3d at 888. In performing its analysis, the court is to "'appraise the genuine need for the challenged evidence and balance that necessity against the risk of prejudice to the defendant.'" *Id.* (quoting *Gov't of the Virgin Islands v. Archibald*, 987 F.2d 180, 186 (3d

5

Cir. 1993)). Notably, the prejudice the court is to measure must be "unfair prejudice . . . 'based on something other than [the evidence's] persuasive weight.'" *United States v. Bergrin*, 682 F.3d 261, 279 (3d Cir. 2012) (quoting *United States v. Cruz-Garcia*, 344 F.3d 951, 956 (9th Cir. 2003)).

With regard to the necessity for the evidence, the Government notes that the prior convictions "would not be the sole evidence of the underlying acts. Substantial additional evidence shall also be introduced, including the testimony of police and civilian witnesses, all of whom will all [sic] be available for cross-examination." (Gov't's Resp. 6.) Nevertheless, the Government intends to use Defendant's prior convictions as supplemental evidence of Defendant's involvement in the RICO conspiracy. This is permissible. Defendant's prior convictions for murder and conspiracy to manufacture and distribute cocaine are directly related to the Kaboni Savage Organization. Accordingly, the prior convictions are highly probative of the instant charges. Moreover, if there is any concern about prejudice to Defendant, the court may give an appropriate limiting instruction to the jury. *United States v. Langforddavis*, 454 F. App'x 34, 38 (3d Cir. 2011) (finding district court's limiting instruction regarding value of evidence of witness' prior conviction proper); *United States v. Lofton*, 393 F. App'x 872, 874 (3d Cir. 2010).

**III.  CONCLUSION**

For the foregoing reasons, Defendant's Motion *in Limine* to Bar Admission of Defendant's Prior Convictions During the Guilt Phase of Trial will be denied.

An appropriate Order will follow.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**