```
                    UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )   07-CR-00550-5
                              )
                              )
                              )
      vs.                     )
                              )
STEVEN NORTHINGTON, a/k/a     )
SMOKE, a/k/a S1, a/k/a SYEED  )
BURHANNON, a/k/a MICHAEL      )
TILLERY, a/k/a DARNELL DOSS   )
agent of DOLLAR BILL,         )   Philadelphia, PA
                              )   June 19, 2013
           Defendant.         )   12:23 p.m.


                       TRANSCRIPT OF HEARING
            BEFORE THE HONORABLE R. BARCLAY SURRICK
                  UNITED STATES DISTRICT JUDGE



APPEARANCES:


For the Government:      DAVID E. TROYER, ESQUIRE
                         U.S. ATTORNEY'S OFFICE
                         615 Chestnut Street
                         Suite 1250
                         Philadelphia, PA 19106

For the Defendant        MICHAEL C. EGAN, III, ESQUIRE
                         621 Swede Street
                         Norristown, PA 19401


Audio Operator:          CHRISTINA FRANZESE


Transcribed by:          DIANA DOMAN TRANSCRIBING
                         P.O. Box 129
                         Gibbsboro, New Jersey  08026-0129
                         Office:  (856) 435-7172
                         Fax:     (856)  435-7124
                         Email:   dianadoman@comcast.net
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

1                              I N D E X

2    ALLOCUTION                                    PAGE

3    Mr. Northington                                5

4

5    SENTENCE

6    The Court                                      6

7

3

1   (The following was heard in open court at 12:23 p.m.)
2       THE COURT: Have a seat. And we have the case of
3   United States v. Steven Northington. It's Number 7- 550.
4   Counsel, please identify yourselves for the record.
5       MR. TROYER: Good afternoon, Your Honor. David
6   Troyer and John Gallagher Assistant U.S. Attorneys for the
7   Government.
8       MR. GALLAGHER: Good afternoon, Your Honor.
9       MR. EGAN: Tom Egan on behalf of Mr. Northington,
10  Your Honor. Good afternoon, again.
11      THE COURT: Okay. Counsel, we're here this
12  afternoon for the sentencing of Mr. Northington. The fourth
13  superceding indictment charged Mr. Northington in Count 1 with
14  conspiracy to participate in a racketeering enterprise. In
15  Count 5 with murder in aid of racketeering and causing the
16  death of Barry Parker, and in Count 7 with murder in aid of
17  racketeering and causing the death of Tybius Flowers.
18      The Government filed a notice of intent to seek the
19  death penalty as it relates to Count 7. And on May 13, the
20  jury came back and they found Mr. Northington guilty on Counts
21  1, 5 and 7 of that fourth superceding indictment.
22      We moved into the penalty phase of the trial on
23  Count 7, and on June 13, 2013 the jury made special findings
24  and unanimously voted a sentence of life imprisonment without
25  the possibility of release should be imposed.

1            And we're here this afternoon to impose that
2    sentence, and to impose sentences on Counts 1 and 5 also.
3    Now, counsel, with regard to Counts 1 and 5, I have reviewed
4    those counts and the sentencing guidelines.  I've concluded
5    that the base offense level is a 43, and that Mr. Northington
6    qualifies as a career offender.
7            So the criminal history category would be six.  And
8    under those circumstances, a sentence on Counts 1 and 5 of
9    life would be a guideline sentence
10           MR. EGAN:  We're in agreement, Your Honor.
11           MR. TROYER:  Yes, Your Honor.
12           THE COURT:  All right.  With that, counsel, Mr. Egan
13   do you have anything you want to say before I bring your
14   client forward?
15           MR. EGAN:  I do not, Your Honor.  Thank you.
16           THE COURT:  Mr. Troyer, do you have anything you
17   want to say before I sentence Mr. Northington?
18           MR. TROYER:  No, Your Honor.  On Count 5, of course,
19   it's a life sentence would be mandatory in any event, because
20   it's a murder in aid of racketeering under 1959.  I know when
21   the Court imposes sentence, there are some specific
22   provisions, and I spoke just briefly with the probation
23   officer about supervised release.
24           And I know supervised release seems somewhat -- it
25   might seem unnecessary under the circumstances of a life

1  sentence, but I think for -- always -- there's always possible
2  potential down the line that something may happen to a
3  particular Count or something.  I know the probation officer
4  is interested in making sure that a term of supervised release
5  was imposed.
6           THE COURT:  I intended to impose it, supervised
7  release, even though it would seem to be totally unnecessary.
8           MR. TROYER:  I agree.
9           THE COURT:  All right.  All right, Mr. Egan, do you
10 want to bring your client forward?
11          All right, Mr. Northington, I'm going to impose
12 sentence on you in a few minutes.  But before I do that, I
13 will hear anything that you want to say to me.
14          MR. NORTHINGTON:  Yes, sir, Your Honor.  Basically I
15 would like to say that from, I guess, birth, I had a rough
16 life.  My mother, this and that.  She had a rough life.
17 But --
18      (Pause)
19          MR. NORTHINGTON:  -- but she raised us to the best
20 of her ability, me and my brothers, a little sister.  And she
21 didn't raise us to be -- she raised us to have good hearts.
22 She didn't raise us to be bad children.
23          And I'm not a murderer.  I didn't kill Tybius
24 Flowers, I didn't kill Barry Parker.  And I was never part of
25 an alleged drug conspiracy and alleged RICO.  I mean, I plan

 1   on, you know, taking my time and going through the prison,
 2   back I guess to Hazleton, and working on trying to get back in
 3   the courts to prove my innocence.  And my attorney Mr. Tom
 4   Egan's going to assist me.
 5              That's it, Your Honor.
 6              THE COURT:  All right.  Mr. Egan, do you have
 7   anything further?
 8              MR. EGAN:  I do not, Your Honor.  Thank you.
 9              THE COURT:  Mr. Troyer, do you have anything
10   further?
11              MR. TROYER:  No, thank you, Your Honor.
12              THE COURT:  All right.  As I indicated earlier, the
13   sentences to be imposed here are fairly fixed.  The jury has
14   spoken with regard to Count 7.  And the sentences on Counts 1
15   and 5 are likewise sentences that must be imposed.
16              Under the circumstances, I'm going to impose the
17   following sentences.  On Count 1, charging the murder of
18   Tybius Flowers in aid of racketeering --
19              MR. TROYER:  Judge, that would be Count 7.
20              THE COURT:  Count 7, you're right.  Count 7.  Murder
21   in aid of racketeering, the sentence that is imposed is a
22   sentence of life in prison without the possibility of release.
23              On Count 1, charging conspiracy to participate in a
24   racketeering enterprise, you are sentenced to life in prison.
25   On Count 5 charging murder in aid of racketeering dealing with

1  the murder of Barry Parker.  The sentence of the Court is that
2  you be incarcerated for a period of life.  The sentences on
3  Counts 1, 5 and 7 are to run concurrently with each other.
4           They are to run concurrently with any other
5  sentences previously imposed in this or any other
6  jurisdiction.  With regard to the supervised release, Mr.
7  Northington, you're placed on supervised release following
8  jail for a period of five years on each of those counts,
9  Counts 1, 5 and 7.
10          And those sentences of supervised release are to run
11 concurrently with each other.  No fine is imposed.  The
12 special assessments are waived.  And you are to stay committed
13 until that sentence is complied with.
14          Do you understand the sentence, Mr. Northington?
15          MR. NORTHINGTON:  Yes, sir.
16          THE COURT:  All right.  You understand that you do
17 have a right to appeal.  If you want to file an appeal it has
18 to be done within 14 days, and we'll give you an attorney free
19 to charge to do that.  Do you understand that?
20          MR. NORTHINGTON:  Yes.
21          THE COURT:  Mr. Egan, you have been representing Mr.
22 Northington in this matter, and you will continue to protect
23 his interest during the appeal period?
24          MR. EGAN:  I shall.  Absolutely.
25          THE COURT:  All right.  Anything further?

1           MR. EGAN:  The only other request Mr. Northington
2   has, if you have any pull with regard to it, is either he
3   could get into general population at the FDC in Philadelphia.
4           And, if not, if you could see that it be sooner than
5   later he gets shipped back to USP Hazleton.
6           THE COURT:  I will speak with the authorities at the
7   prison.  I would think at this juncture that there would be no
8   reason not to put him back in general population.
9           MR. NORTHINGTON:  Thanks, Your Honor.  Thank you.
10          THE COURT:  But I -- as you well know I don't --
11          MR. NORTHINGTON:  Yeah.  I just was trying to visit
12  my family before I go back to Hazleton.  But if, you know, if
13  they want to just send me back, you know, I'll go back and
14  they'll try to work it out to get up there.  But either way, I
15  appreciate it.  Thank you.
16          THE COURT:  All right. Mr. Troyer, do you have
17  anything further?
18          MR. TROYER:  No, Your Honor.  Thank you,.
19          THE COURT:  All right.  That disposes of this
20  matter.  We're in recess.
21       (Proceedings concluded at 12:33 p.m.)

1                      C E R T I F I C A T I O N

2    I, Josette Jones, court approved transcriber, certify that the

3    foregoing is a correct transcript from the official digital

4    audio recording of the proceedings in the above-entitled

5    matter.

6

7    ---------------------------------                 -----------------

8    JOSETTE JONES                                            DATE

9    DIANA DOMAN TRANSCRIBING

10